IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| VANDERBILT UNIVERSITY,<br>FOR VANDERBILT UNIVERSITY<br>HEALTH BENEFIT PLAN, | )<br>)<br>)<br>) |  |
| Plaintiff, | )<br>) |  |
| v. | )<br>) | Case No. 3:08-1132<br>Judge Nixon/Brown |
| KATHY PESAK and Husband,<br>ROBERT PESAK, and LARRY D.<br>ASHWORTH, Attorney at Law,<br>as a Nominal Stakeholder, | )<br>)<br>)<br>)<br>) |  |
| Defendants. | )<br>) |  |

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge are Defendants' Motion to Dismiss (Docket Entry 8), Plaintiffs' Motion for Summary Judgment (Docket Entry 27), Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment (Docket Entry 33), and Defendants' Motion for Protective Order (Docket Entry 34). The Magistrate Judge has also reviewed the responses and accompanying memoranda for each of these motions. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED**, Plaintiffs' Motion for Summary Judgment be **STRICKEN**, Defendants' Motion to Strike be **GRANTED**, and Defendants' Motion for Protective Order be **TERMINATED AS MOOT**.

I. INTRODUCTION AND BACKGROUND

Defendant Kathy Pesak was injured in an automobile collision on February 13, 2006.

1

She was covered under a self-funded ERISA plan (the "Plan") maintained by Plaintiffs. The Plan paid for Defendant Kathy Pesak's medical claims totaling $40,614.20. Defendants initiated a lawsuit against the driver of the other vehicle, which eventually settled for $410,000. Plaintiffs had informed Defendant Kathy Pesak's attorneys and the state court that they had a potential subrogation claim.[1] On November 10, 2008, Defendant Ashworth offered Plaintiffs $10,000 in full and final settlement of the Plan's subrogation interest, which Plaintiffs declined.

Plaintiffs filed this action on November 25, 2008, seeking subrogation from Defendants for their payment of Defendant Kathy Pesak's medical claims. Defendants moved to dismiss all claims on December 24, 2008. (Docket Entry 8). The parties engaged in a settlement conference on May 26, 2009, but no settlement was reached. (Docket Entry 25). On January 8, 2010, Plaintiffs filed a motion for summary judgment (Docket Entry 27). Defendants filed motions to strike and for a protective order on January 14, 2010. (Docket Entries 33, 34). A bench trial was scheduled for February 9, 2010 but was continued on January 27, 2010, and the pending motions were referred to the Magistrate Judge. (Docket Entry 37).

## II. LEGAL DISCUSSION

### A. Defendants' Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual

---

[1] The Magistrate Judge recognizes that the extent of this notification is disputed by the parties. Nevertheless, for purposes of resolving Defendants' Motion to Dismiss, the Magistrate Judge must accept all well-pleaded facts as true. *Erickson v. Pardus*, 550 U.S. 89 (2007).

allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Defendants contend (1) Plaintiffs' claims are untimely and (2) Plaintiffs' suit is barred by the doctrine of estoppel by laches.[2] The Magistrate Judge is persuaded by neither of these arguments.

---

[2] Defendants also claim Plaintiffs failed to comply with 29 U.S.C. § 1132(h), requiring service of the complaint on the Secretary of Labor and the Secretary of the Treasury, and that Plaintiffs improperly removed the action from state court. Plaintiffs filed evidence they had complied with 29 U.S.C. § 1132(h). (Docket Entry 11, Exh. 11). The Magistrate Judge believes the improper removal issue has been resolved by Judge Nixon in the companion case. (Case No. 3:08-cv-01187, Docket Entry 25).

First, Defendants argue Plaintiffs' claim is subject to the one-year statute of limitations for ERISA claims in Tennessee, and that the claim accrued on the date of the collision, February 13, 2006. *See*, *e.g.*, *Elliott v. Council Health Plan*, No. 3:09-cv-00661 (M.D. Tenn. 2009) (dismissing Plaintiff's claims as untimely based on the one-year statute of limitations for statutory penalties). Here, however, Plaintiffs' alleged claims are clearly predicated on the terms of the health plan contract, not ERISA statutory penalties. Plaintiffs are seeking reimbursement of the costs expended based on the contract terms, not on any statutory right.[3] The Magistrate Judge therefore believes Tennessee's six-year statute of limitations for contract actions should apply, and Plaintiffs' complaint was timely filed. *See* Tenn. Code Ann. § 28-3-109(a)(3). *See also Rader v. Traylor*, 1994 WL 413822, *1 (Tenn. Ct. App. Aug. 1, 1994) ("Because the intervenor's subrogation rights specifically arise from a contract with the plaintiffs, the applicable statute of limitations is six years.").[4]

Defendants' second argument, that Plaintiffs are estopped from asserting their claims by the doctrine of laches, is similarly flawed. Defendants content Plaintiffs failed to enforce their

---

[3] While Defendants describe Plaintiffs' action as one based in subrogation, it is an action based in contractual, or conventional, subrogation, not legal subrogation (i.e., subrogation arising by operation of law). *See*, *e.g.*, *Federal Sav. and Loan Ins. Corp. v. Aetna Cas. & Sur. Co.*, 696 F.Supp. 1190, 1192-93 (E.D. Tenn. 1988) (describing the differences between the two types of subrogation actions). Defendants are correct that legal subrogation is subject to a one-year statute of limitations in Tennessee, but this action is based on conventional subrogation governed by a contract. *See Indiana Lumbermens Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 511 S.W. 2d 713, 715 (Tenn. App. 1972) (noting one-year statute of limitations would have applied to an action brought by insurer on behalf of insured).

[4] The Magistrate Judge notes Plaintiffs inexplicably failed to make this argument in their response. Given the "all-or-nothing" nature of a motion to dismiss based on failure to file within the applicable statute of limitations, it is inconceivable that a party would not make every argument at hand to avoid dismissal on this basis.

4

rights in the Circuit Court tort action by failing to participate or intervene in the underlying action and/or file an independent action to protect their interest. Plaintiffs, however, allege in their complaint that they did participate in the litigation in Circuit Court. (Docket Entry 1, ¶ 13). Because the Magistrate Judge must take Plaintiffs' allegations as true when evaluating a motion to dismiss, Defendants' argument fails.[5]

The Magistrate Judge therefore recommends the Defendants' Motion to Dismiss (Docket Entry 8) be denied.

### B. Plaintiffs' Motion for Summary Judgment and Defendants' Motions in Response

Plaintiffs moved for summary judgment on January 8, 2010. (Docket Entry 27). On January 14, 2010, Defendants filed a Motion to Strike (Docket Entry 33) and a Motion for Protective Order (Docket Entry 34), seeking relief from filing a response to Plaintiffs' Motion. In their Motion to Strike, Defendants argue Plaintiffs have filed their Motion for Summary Judgment far outside the deadline for dispositive motions set in the initial case management order (Docket Entry 16).

On February 9, 2009, the Magistrate Judge set a discovery deadline for July 31, 2009 and a dispositive motion deadline for August 31, 2009. (Docket Entry 16). Plaintiffs did not file the pending Motion until January 8, 2010, more than four months beyond the dispositive motion deadline. In their Response, Plaintiffs argue that the Defendants failed to propound any discovery or provide any expert disclosures, that the Defendants filed no Answer, and that the action is purely a question of law. The Magistrate Judge is not persuaded by these arguments.

---

[5] However, Plaintiffs could certainly have simplified matters by seeking to intervene in the underlying action, saving this Court and all the parties significant time and legal fees.

5

First, any discovery disputes the parties had should have been settled prior to the July 31, 2009 discovery deadline. The docket shows one discovery dispute that was resolved following a telephone conference with the Magistrate Judge on April 14, 2009. (Docket Entry 20). If Plaintiffs were unsatisfied with Defendants' conduct in discovery, they had ample opportunity to raise the issue with the Magistrate Judge.

Second, because the Defendants had a pending Motion to Dismiss (Docket Entry 8), Defendants were not yet required to file an Answer. *See* Fed. R. Civ. P. 12(a)(4).

Finally, Plaintiffs argue that this case is purely a question of law. The Magistrate Judge believes a number of disputed facts exist between the parties. Plaintiffs themselves note that whether the Pesaks were "made whole" is a factual question. (Docket Entry 28, n.1). While Plaintiffs believe they would be entitled to reimbursement in any event, the Magistrate Judge is unwilling to entertain a motion for summary judgment filed nearly five months late, even if it involves only a question of law.

The Magistrate Judge further notes that Plaintiffs failed to ask for leave to file outside the deadline. Neither party filed a single document after a failed settlement conference on May 28, 2009, until Plaintiffs filed this Motion on January 8, 2010, only one month before the trial date of February 9. Failing to seek permission from the Court to file a dispositive motion more than four months after the dispositive motion deadline–not to mention one month before trial–is inexcusable. The Magistrate Judge therefore recommends Defendants' Motion to Strike be granted, and Plaintiffs' Motion for Summary Judgment be stricken and terminated from the docket. The Magistrate Judge believes Defendants' Motion for a Protective Order is rendered moot if this recommendation is adopted.

6

### C.  Additional Matters

While not raised by either party, the Magistrate Judge is troubled that Defendant Ashworth is representing the Pesaks in this matter.  The Tennessee Rules of Professional Conduct prohibit a lawyer from representing a client if that client's representation may be materially limited by the lawyer's own interests, absent the lawyer's reasonable belief that the representation will not be adversely affected and a written consent from the client after consultation.  Tenn. R. Professional Conduct 1.7(b).  The Magistrate Judge is concerned that Mr. Ashworth's personal interests may be adverse to the Pesaks' interests, particularly if the Plaintiffs recover in this matter.  Mr. Ashworth should review the Rules of Professional Conduct applicable to this situation, particularly Rule 1.7.

The Magistrate Judge also believes the personal animosity between the attorneys in this matter has gone on too long.  This case should have been settled long ago, and the failure to do so has far more to do with the relationship between the parties' attorneys than with the merits of the case.

### III.  CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED**, Plaintiffs' Motion for Summary Judgment be **STRICKEN**, Defendants' Motion to Strike be **GRANTED**, and Defendants' Motion for Protective order be **TERMINATED AS MOOT**.

If the District Judge adopts this Report and Recommendation, Defendants are further ordered to file an Answer within fourteen (14) days of the date of the District Court Order.

Because this case was originally set for a bench trial on February 9, 2010, the Magistrate Judge believes a new trial date should be set as soon as is practicable by the District Judge.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 12th day of March, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge