IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANDERBILT UNIVERSITY,<br>FOR VANDERBILT UNIVERSITY<br>HEALTH BENEFIT PLAN,<br><br>      Plaintiff,<br><br>v.<br><br>KATHY PESAK and Husband,<br>ROBERT PESAK, and LARRY D.<br>ASHWORTH, Attorney at Law,<br>as a Nominal Stakeholder,<br><br>      Defendants. | No. 3:08:1132<br>Judge Nixon/Brown |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss (Doc. No. 8), Plaintiff's Motion for Summary Judgment (Doc. No. 27), Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 33), and Defendants' Motion for Protective Order (Doc. No. 34). By Order dated March 4, 2010, this Court transferred Defendants' Motion to Magistrate Judge Brown for a Report and Recommendation ("Report"). (Doc. No. 38.) On March 15, 2010, Magistrate Judge Brown issued his Report recommending that Defendants' Motion to Dismiss be denied, Plaintiff's Motion for Summary Judgment be stricken, Defendants' Motion to Strike be granted, and Defendants' Motion for Protective Order be terminated as moot. (Doc. No. 40.) Both Plaintiff and Defendants filed Objections to the Report. (Doc. Nos. 41, 42, respectively.) For the following reasons, the Court hereby **ADOPTS** the Report in its entirety, **DISMISSES**

-1-

Defendants' Motion to Dismiss, **STRIKES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendants' Motion to Strike, and **TERMINATES** Defendants' Motion for Protective Order **as moot**.

I. BACKGROUND

The Court hereby adopts the recitation of the facts as set forth in the Report.

II. STANDARD OF REVIEW

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 72(b) also provides for review of a magistrate judge's report and recommendation on dispositive motions where objections are made:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Because objections have been filed in this case, the Court must conduct a *de novo* review. With these standards in mind, the Court turns to consideration of parties' objections to Judge Brown's Report and Recommendation.

### III. DEFENDANTS' OBJECTIONS TO THE REPORT

Magistrate Judge Brown recommends denying Defendants' Motion to Dismiss because (1) Plaintiff's claims are not untimely; and (2) Plaintiff's suit is not barred by the doctrine of estoppel by laches. (Doc. No. 40, at 2-5.) In response, Defendants submitted the following objections: (1) Plaintiff's suit is barred by the doctrine of estoppel by laches, as Plaintiff did not participate in the underlying state court action; (2) Plaintiff cannot produce the contract that serves as the basis for its Complaint, so its claim should be dismissed; and (3) all references to the communications and terms of any settlement negotiations in this and the underlying action violate the settlement privilege established in Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003), and should therefore be stricken. (Doc. No. 42.)

#### A. Motion to Dismiss Standard

A motion to dismiss "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Rule 8(a) establishes a system of notice pleading, requiring a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the pleader. 5B Charles Alan Wright & Arthur R. Miller,

Federal Practice & Procedure § 1357 (3d ed. 2004). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003). Recently the Supreme Court articulated a "plausibility standard" for a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." Id. The Court continued: "[t]hreadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." Id.

### B. Laches Defense

"Dismissal of a claim on the ground of laches requires that there be (1) an unreasonable and unexcused delay in bringing the claim, and (2) material prejudice as result of the delay." United States v. Hanserd, 1998 U.S. App. LEXIS 9244, 1998 WL 228168, at **2 (6th Cir. 1998) (citing A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc)).

In their Motion to Dismiss, Defendants allege that Plaintiff is estopped from asserting its claims by the doctrine of laches. Defendants contend Plaintiff failed to enforce its rights in the underlying state court action by failing to participate or intervene in the underlying action and/or file an independent action to protect its interest. (Doc. No. 8, at 8.) Magistrate Judge Brown disagreed with Defendants, and found that Plaintiff's pleadings satisfy this requirement, since Plaintiff alleged that it did participate in the settlement proceedings. (Doc. No. 40, at 5 (citing

Doc. No. 1, at 3).)

Defendants object on the ground that Plaintiff's allegation that it did participate in the litigation in state court was only a bare assertion of "participation," since Plaintiff only participated to the extent of a "five-minute telephone call" with the State Judge. (Doc. No. 42, at 2.) However, Plaintiff alleges more than this. Plaintiff asserts not only in its Complaint but again in its Response to Defendants' Motion to Dismiss that: (1) it participated in the state court case by offering assistance, advising the Pesaks' counsel of its interest and its position, and participating in settlement discussions (Doc. No. 9, at 6); and (2) regardless of its participation, there was no requirement, contractual or otherwise, for Plaintiff to participate in the state court case. (Id., at 9.)

Magistrate Judge Brown in his Report correctly points out that when considering a Motion to Dismiss, the court must take a plaintiff's allegations as true. Plaintiff alleges participation in the litigation in state court. (Doc. No. 1, at 3.) Whether or not Plaintiff's participation was sufficient or even necessary is a question of both fact and law, and is not proper for resolution at the 12(b)(6) stage of the proceedings.

### C. Production of the Contract

At the time of this writing, Plaintiff has only provided relevant excerpts from the underlying contract in dispute. Defendants object to the Report on the ground that Plaintiff has not and cannot produce the entire contract that serves as the basis for its Complaint, so its claim should be dismissed. (Doc. No. 42, at 3.)

This argument was not included in Defendants' original Motion to Dismiss, but rather in a document labeled, "Supplemental Authority in Support of Motion to Dismiss," filed on March

-5-

Case 3:08-cv-01132   Document 43   Filed 04/06/10   Page 5 of 9 PageID #: 476

8, 2010, more than four months after the July 31, 2010 discovery deadline, and over two years after the December 24, 2008 filing of the original Motion. While Judge Brown did not directly address Defendants' argument regarding production of the contract in the Report, Judge Brown's observations from another part of the Report prove relevant here:

> ... [A]ny discovery disputes the parties had should have been settled prior to the July 31, 2009 discovery deadline. The docket shows one discovery dispute that was resolved following a telephone conference with the Magistrate Judge on April 14, 2009. (Docket Entry 20). If Plaintiffs were unsatisfied with Defendants' conduct in discovery, they had ample opportunity to raise the issue with the Magistrate Judge.

(Doc. No. 40, at 6.)

While this observation was used to admonish Plaintiff for not timely objecting to Defendants' non-participation in discovery, this reasoning may also be extended to Defendants' request to dismiss Plaintiff's claim for failure to produce the contract. Defendants had ample time to raise this issue with the Magistrate Judge before the July 31, 2009 discovery deadline.

If Defendants wish, they may still raise this claim in their Answer or at trial. Fed. R. Civ. P. 12(h)(2).

### D. Arguments in Defendants' Supplemental Authority

In their objections to the Report, Defendants raise some additional arguments that were not included in the original Motion to Dismiss, but were included in the document referred to by Defendants as, "Supplemental Authority in Support of Motion to Dismiss." (Doc. No. 39.) In this supplement, Defendants attempt to distinguish their case from one recently handed down by the Sixth Circuit, Longaberger v. Kolt, 586 F.3d 459 (6th Cir. 2009). While Longaberger was decided after Defendants' original Motion to Dismiss, the arguments presented in Longaberger were established in other decisions at the time Defendants filed their original Motion. Barring

-6-

leave from the court, a party may not supplement its original Motion to Dismiss with an argument it could have, but did not, present in its original Motion two years prior. See LR 16.01(d). Defendants may still raise this claim in their Answer or at trial, however. Fed. R. Civ. P. 12(h)(2).

### E. Violations of the Settlement Privilege

Finally, Defendants object to the Report on the ground that all references to the communications and terms of any settlement negotiations in this and the underlying action should be stricken. This argument was not included in Defendants' Motion to Dismiss or in its Supplemental Authority in Support of Motion to Dismiss, nor is it a ground for dismissal.

Because the argument was not previously mentioned in the 12(b)(6) Motion, it cannot be included in Defendants' Objections to the Magistrate Judge's Report and Recommendation on the Motion. Even if it were included in a Motion to Dismiss and Plaintiff was found to have violated this privilege, it would not be grounds for dismissal. See Fed. R. Civ. P. 12(b)(1)-(7). If they wish, Defendants may raise this argument in a motion to strike. Fed. R. Civ. P. 12(f).

## IV. PLAINTIFF'S OBJECTIONS TO THE REPORT

Magistrate Judge Brown recommended granting Defendants' Motion for Summary Judgment because he found Plaintiff's claims to be untimely. (Doc. No. 40, at 5.) Plaintiff objects. (Doc. No. 41.)

Plaintiff moved for summary judgment on January 8, 2010. (Doc. No. 27.) On January 14, 2010, Defendants filed a Motion to Strike (Doc. No. 33) and a Motion for Protective Order (Doc. No. 34), seeking relief from filing a response to Plaintiff's Motion. In their Motion to Strike, Defendants argue Plaintiff filed its Motion for Summary Judgment far outside the

deadline for dispositive motions, July 31, 2009, set in the initial Case Management Order. (Doc. No. 16.) Plaintiff conceded that its Motion for Summary Judgement was late under the Case Management Order, but asserted that its Motion should not be stricken because: (1) Defendants failed to propound any discovery or provide any expert disclosures; (2) Defendants filed no Answer; and (3) the action is purely a matter of law. (Doc. No. 36, at 2.) Judge Brown sided with Defendants, stating: (1) if Plaintiff was unsatisfied with Defendants' conduct in discovery, it had ample opportunity to raise the issue with the Magistrate Judge; (2) because Defendants had a pending Motion to Dismiss, Defendants were not yet required to file an Answer; (3) a number of disputed facts exist between the parties, making the case inappropriate for summary judgment; and (4) Plaintiff failed to ask for leave to file outside the deadline, which is inexcusable. (Doc. No. 40, at 5-6.)

Plaintiff asserts that its Motion should be allowed to proceed because: (1) at the time of the filing of the Motion for Summary Judgment, Defendants had not filed an Answer nor had they conducted discovery, so the case was still in its "procedural infancy"; (2) Defendants were more guilty than Plaintiff in their lack of adherence to the Case Management Order deadlines, having failed to conduct any discovery; (3) the matter is not set for trial, so new deadlines will have to be established once the Defendants file an Answer; and (4) there is no prejudice to Defendants if Plaintiff's Motion for Summary Judgment is considered, as Plaintiff's arguments will be faced by Defendants either as a motion for summary judgment or motion for directed verdict, and judicial economy would best be served by considering the Motion now; and (5) the disputed facts are not pertinent to the resolution of the Motion for Summary Judgment. (Doc. No. 41, at 2.)

Case 3:08-cv-01132   Document 43   Filed 04/06/10   Page 8 of 9 PageID #: 479

The Court finds the Magistrate Judge's reasons for striking Plaintiff's Motion for Summary Judgment to be well-founded. Moreover, in ruling on a motion for summary judgment, the court must review the facts and reasonable inferences to be drawn from those facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Further, the Court will closely scrutinize the movant's papers while indulgently treating those of the opponent. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citations omitted). Plaintiff has yet to produce the contract upon which its claim is based. The Court would find it extremely difficult to grant a motion for summary judgment without first being able to view the contract in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report in its entirety, **DISMISSES** Defendants' Motion to Dismiss, **STRIKES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendants' Motion to Strike, and **TERMINATES** Defendants' Motion for Protective Order **as moot**.

It is so ORDERED.

Entered this the ___6___ day of April, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT